IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TODD GYP BROWN,

    Plaintiff,

vs.

AYN LEV,

    Defendant.

No. 6:10-cv-00783-PJK-RLP

ORDER

THIS MATTER comes on for consideration of Defendant's Motion to Remand filed electronically on August 31, 2010. Doc. 4. Upon consideration thereof,

(1) <u>Background</u>. Plaintiff Tod Brown (landlord) brought suit in state magistrate court against Defendant Ayn Lev (tenant) on August 10, 2010. Doc. 1 at 2, ¶ 2. The magistrate court judge entered a default judgment for restitution in favor of Plaintiff on August 20, 2010. Doc. 4 at 4. The premises were restored to the landlord, with the landlord to recover $1,302 from the tenant. <u>Id.</u>

(2) <u>Notice of Removal</u>. Defendant Ayn Lev also filed a notice of removal on August 20, 2010. Doc. 1 at 1. In completely general terms, she alleged that removal is proper under 28 U.S.C. § 1331 and 1441 and the federal court has subject matter jurisdiction. Doc. 1 at 2-3. She contends that the underlying

transaction involves an oral contract under the Uniform Commercial Code, although the matter appears to arise under the Uniform Owner-Resident Relations Act.  Her civil cover sheet indicates federal question jurisdiction and that the parties are diverse with the Plaintiff being a citizen of New Mexico and the Defendant a citizen of another state.  Doc. 1, attach. 1.  Plaintiff objected and the court construed his letter as a motion to remand.  Doc. 4.

(3) <u>Defendant's Objection.</u>  Defendant then objected to the motion to remand and sought an extension of time to respond to motion to remand until September 28, 2010, and an order requiring Plaintiff to serve her with the same documents filed in this court.  Doc. 8.  No filing has been received and the court concludes that the request for an extension of time until September 28, 2010 is moot.  Of course, all parties are required to serve one another.

(3) <u>Disposition</u>.  It is apparent that no federal question is involved, and that even if the parties are diverse, Defendant has not demonstrated an amount in controversy in excess of $75,000 to support removal.  <u>See</u> <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 953-955 (10th Cir. 2008).  If anything, the initial documents in this case suggest to a legal certainty that the amount in controversy requirement is not met.  Doc. 1 at 4.  Because it is not, jurisdiction in federal court is not proper and the case must be remanded to state court.  <u>See</u> 28 U.S.C. § 1447(c).

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiffs' Motion to Remand electronically filed August 31, 2010 (Doc.

4) is granted.

(2) The Clerk shall remand the case to the Magistrate Court, County of Santa Fe, New Mexico for want of subject matter jurisdiction. 28 U.S.C. § 1447(c).

(3) Each party shall bear his or her own costs.

(4) All pending motions are denied.

DATED this 7th day of October 2010, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation